IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MAXIMUS GOOLSBY,                          §
                                          §
                         Plaintiff,       §
                                          §   Civil Action No. 3:15-CV-0631-D
VS.                                       §
                                          §
KROGER LP,                                §
                                          §
                         Defendant.       §

MEMORANDUM OPINION
AND ORDER

The instant motion for summary judgment presents the question whether, under Texas law, the defendant-employer can be held vicariously liable for the alleged intentional tort of assault and battery committed by one of its managers against the plaintiff-employee. For the reasons that follow, the court concludes that a reasonable jury could not find that the employer is vicariously liable, and it grants the summary judgment motion and dismisses this action by judgment filed today.

I

Plaintiff Maximus Goolsby ("Goolsby") brought this *pro se* lawsuit against his former employer, defendant Kroger Texas L.P. ("Kroger"), for negligence, violation of due process, assault and battery, wrongful termination of employment, and intentional affliction of emotional distress. Kroger moved to dismiss under Fed. R. Civ. P. 12(b)(6), and the court dismissed all of Goolsby's claims, except his claim for assault and battery.

Goolsby's assault and battery claim arises out of an alleged confrontation between

Goolsby and Kroger Grocery Manager Richard Roberts ("Roberts").  According to Goolsby, Roberts disagreed with a decision by other Kroger employees to refund Goolsby the sum of $20 that he had unintentionally left in a self-service checkout machine on November 7, 2014. Goolsby alleges that the next day, November 8, as he was passing through Roberts' department, he and Roberts exchanged words, and Roberts' "tone and widening eyes" threatened Goolsby.  Roberts then quickly approached Goolsby, grabbed his left arm, and "said through clenched teeth, 'No, listen to me!'" before Goolsby pulled himself free and backed away.

Kroger now moves for summary judgment dismissing Goolsby's assault and battery claim.  Goolsby opposes the motion.[*]

## II

Because Kroger will not have the burden of proof at trial on Goolsby's claim, Kroger can meet its summary judgment obligation by pointing the court to the absence of evidence to support the claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986). In Kroger's amended motion, it points to the absence of evidence to support this claim. Because it has done so, Goolsby must go beyond his pleadings and designate specific facts showing that there is a genuine issue for trial.  *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  An issue is genuine if the evidence

---

[*]Although Kroger is correct that Goolsby's response is untimely, the court will consider the response because its tardiness has not materially interfered with the court's decisional process.

is such that a reasonable jury could return a verdict in Goolsby's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). His failure to produce proof as to any essential element of his claim renders all other facts immaterial. *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if Goolsby fails to meet this burden. *Little*, 37 F.3d at 1076.

## III

## A

Kroger contends that it is entitled to summary judgment because, under Texas law, an employer is vicariously liable for the intentional tort of its employee only where the employee's act (1) falls within the scope of his general authority; (2) is in furtherance of the employer's business; and (3) is for the accomplishment of the object for which he was hired. Kroger maintains that there is no evidence that Roberts' alleged acts fall within the scope of his authority, are in furtherance of Kroger's business, or are for the accomplishment of the object for which he was hired. Kroger has also introduced the affidavit of Kroger store Co-Manager Kevin Thomasson ("Thomasson") in which he avers that Roberts' alleged assault and battery of Goolsby was well outside the scope of Roberts' authority; that the alleged assault and battery was neither authorized by Kroger nor committed in the accomplishment of any duty entrusted to Roberts; and that the alleged assault and battery constitute a violation of Kroger's policy against harassment and violence in the workplace.

Although Goolsby has responded to Kroger's motion, he has not addressed any of Kroger's grounds for summary judgment; instead, he argues that Kroger has altered or

withheld Roberts' employee file and that Kroger has "swept this incident under the rug and intends to encourage hostile environments in its workplaces."  P. Obj. at 2.  Goolsby has neither offered any evidence of his own nor challenged any of the statements in Thomasson's affidavit.

B

Under Texas law, employers are only liable for the tortious conduct of an employee if the employee's conduct falls within the scope of his general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired.  *See Wrenn v. G.A.T.X. Logistics, Inc.*, 73 S.W.3d 489, 493-94 (Tex. App. 2002, no pet.); *see also Voskuil v. Envtl. Health Ctr.—Dall.*, 1997 WL 527309, at *11 (N.D. Tex. Aug. 18, 1997) (Fitzwater, J.) (citing *Kelly v. Stone*, 898 S.W.2d 924, 927 (Tex. App. 1995, writ. denied)).  "As a general rule in Texas, an employer cannot be vicariously liable for the intentional torts of assault or battery perpetrated by its employee because such acts are not ordinarily within the course and scope of an employee's authority or employment." *Wrenn*, 73 S.W.3d at 494.

Kroger has pointed to the absence of evidence that Roberts' alleged conduct falls within the scope of his general authority; that Roberts' alleged conduct was done in furtherance of Kroger's business; and that Roberts' alleged conduct was done for the accomplishment of the object for which Roberts was hired.  Kroger has also adduced Thomasson's affidavit, which contains uncontradicted evidence demonstrating that the alleged conduct was not within Roberts' authority, in furtherance of Kroger's business, or

- 4 -

for the accomplishment of the object for which Roberts was hired.   Goolsby has not

introduced any evidence that would enable a reasonable jury to find that Kroger is

vicariously liable for Roberts' alleged conduct.   Accordingly, Kroger is entitled to summary

judgment dismissing this case.

The court grants Kroger's motion for summary judgment and enters judgment today

dismissing this action.

**SO ORDERED**.

January 7, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE